IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Edward C. Kelly, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:11-3441-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Waffle House, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Waffle House, Inc.'s ("Waffle House") motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, the court denies Waffle House's motion for summary judgment.

I. FACTUAL AND PROCEDURAL BACKGROUND

The case was originally filed in the Court of Common Pleas for Greenville County, South Carolina on November 18, 2001, and was removed, based on diversity jurisdiction, to this court on December 19, 2011. Edward C. Kelly ("Kelly") alleges Waffle House was negligent for failing to "remedy and/or warn [him] of the known hazardous conditions on its property."[1] (Pl. Mem. Opp'n Def. Mot. Summ. J. 1-2.) Around 7:00 a.m. on December 16, 2010, Kelly alleges that he slipped and fell on "black" ice while walking to his car in the Waffle House parking lot, fracturing his collarbone and left wrist as a result. (Id.)

Kelly's fall occurred during a winter storm in upstate South Carolina. Although Kelly denies observing any ice in the parking lot, he admits that he slipped on ice, the weather was

---

[1]Kelly's complaint breaks this allegation into seven components, which he then summarizes in his memorandum in opposition of defendant's motion for summary judgment as stated above.

1

cold, and precipitation was falling.  (Def. Mem. Supp. Summ. J. 1-2 and Ex. (Kelly Dep. 28, 30, 40, 42-43, ECF No. 28-2).)  Kelly does not remember his conversations the morning of the accident; however, a Waffle House employee, Crystal L. Kennedy ("Kennedy"), recalls that the topic of conversation in the restaurant centered on the winter storm conditions.  (Id. Ex. (Kelly Dep. 34, ECF No. 28-2) and Ex. (Kennedy Dep. 40, ECF No. 28-3).)  Throughout the morning, and when Kelly fell, the Waffle House manager on duty, Edward Solley ("Solley"), was spreading salt in the parking lot attempting to remedy the icy conditions.  (Pl. Mem. Opp'n Def. Mot. Summ. J. 3 and Ex. (Solly Dep. 34-36, ECF No. 30-2).)  Kelly, however, alleges that he did not see Solley before slipping.  (Id. Ex. (Kelly Dep. 36, ECF No. 30-1).)

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the

non-moving party, disposition by summary judgment is appropriate." Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996). "[T]he mere existence of *some* alleged factual dispute between parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987).

**B. Negligence Claim**

Kelly alleges a claim of negligence against Waffle House for failing to "remedy and/or warn [him] of the known hazardous conditions on its property." (Pl. Mem. Opp'n Def. Mot. Summ. J. 1-2.) To prevail on a negligence claim in South Carolina, "a plaintiff must show the (1) defendant owed a duty of care to the plaintiff[;] (2) defendant breached the duty by a negligent act or omission[;] (3) defendant's breach was the actual and proximate cause of the plaintiff's injury[;] and (4) the plaintiff suffered injury or damages." Jackson v. Swordfish Inv., L.L.C., 620 S.E.2d 54, 56 (S.C. 2005). Waffle House argues that it had no duty to remedy the ice in the parking lot because the storm was ongoing and submits that the court should adopt the "storm in progress" rule or the "natural accumulation" rule. (Def. Mem. Supp. Summ. J. 1-2, 7.) Waffle House further argues that the winter storm, and resulting icy conditions, were not latent or hidden dangers of which its employees had superior knowledge than Kelly. (Id. at 8-9.)

**1. Duty to Remedy Icy Conditions**

"A merchant is not an insurer of the safety of his customers but rather owes them the duty to exercise ordinary care to keep the premises in a reasonably safe condition." Denton v. Winn-Dixie Greenville, Inc., 439 S.E.2d 292, 293 (S.C. Ct. App. 1993); Meadows v. Heritage Vill. Church & Missionary Fellowship, Inc., 409 S.E.2d 349, 351 (S.C. 1991) ("Although the

3

operator of a parking lot is not an insurer of the safety of those who use the lot, reasonable care must be used by the operator to keep the premises used by invitees in a reasonably safe condition."). "The degree of care required must be commensurate with the particular circumstances involved, including the age and capacity of the invitee." Henderson v. St. Francis Cmty. Hosp., 399 S.E.2d 767, 768 (S.C. 1990). "Whether the defendant has provided reasonably safe premises is a question for the jury." Id. at 769.

Waffle House argues that the court should adopt the "storm in progress" rule or the "natural accumulation" rule. Under the "storm in progress" rule, a property owner has a reasonable time until after a storm has ended in which to remove snow and ice from its premises. Amos v. NationsBank, N.A., 504 S.E.2d 365, 366 (Va. 1998). Similarly, the "natural accumulation" rule provides that a property owner has no duty to remove natural accumulations of snow and ice from his property. Tzakis v. Dominick's Finer Foods, Inc., 826 N.E.2d 987, 992 (Ill. Ct. App. 2005). The South Carolina state courts, as conceded by Waffle House, have yet to consider either the "storm in progress" rule or the "natural accumulation" rule. (Def. Mem. Supp. Summ. J. 4.) In contrast, South Carolina state courts hold generally that an operator must use reasonable care to keep the premises in reasonably safe condition. Denton, 439 S.E.2d at 293; Meadows, 409 S.E.2d at 351; Henderson, 399 S.E.2d at 768.[2]

In Henderson, the hospital knowingly allowed sweet gum balls to accumulate from a sweet gum tree in the parking lot. 399 S.E.2d at 768. An invitee of the hospital slipped and fell on the sweet gum balls, and fractured her wrist. Id. At trial, the jury returned a verdict against

---

[2]The court declines to decide whether South Carolina state courts would adopt the "storm in progress" rule or the "natural accumulation" rule.

4

the hospital. Id. The trial court then granted the hospital's motion for judgment notwithstanding the verdict and the court of appeals affirmed. Id. The South Carolina Supreme Court reversed and remanded the case upon finding that "more than one reasonable inference can be drawn in regard to the reasonableness of safety precautions taken by the hospital." Id. at 769.

Like the hospital in Henderson, a genuine issue of material fact exists regarding whether Waffle House failed to use reasonable care in remedying the accumulation of ice in the parking lot, which caused Kelly to fall. According to Waffle House, Solley was actively salting the parking lot when Kelly fell. (Pl. Mem. Opp'n Def. Mot. Summ. J. 3 and Ex. (Solly Dep. 36, 40, ECF No. 30-2).) Further, there is evidence that Solley failed to salt the area where Kelly fell. In his deposition, Kelly states that he heard Solley say, "I was putting down salt, but I must have missed that spot." (Id. Ex. (Kelly Dep. 36, ECF No. 30-1).) Additionally, Waffle House employee, Jennifer M. Dodgens ("Dodgens"), states in her deposition that she similarly heard Solley say, "I must have missed that spot." (Id. Ex. (Dodgens Dep. 32, ECF No. 30-3).) Based on the foregoing, the court finds that a genuine issue of material fact exists as to the reasonableness of Waffle House's remedial efforts.

**2. Duty to Warn of Icy Conditions**

Kelly alleges that Waffle House had a duty to warn him of the icy conditions in the parking lot. Under South Carolina law, "[t]he landowner has a duty to warn an invitee only of latent or hidden dangers of which the landowner has knowledge or should have knowledge." Larimore v. Carolina Power & Light, 531 S.E.2d 535, 538 (S.C. Ct. App. 2000). "The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries. If that superior knowledge is lacking, as when the danger is obvious, the

invitor cannot be held liable." Id. at 540. A landowner is not liable for open and obvious dangers unless the landowner "has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, . . . or fail to protect himself against it." Callander v. Charleston Doughnut Corp., 406 S.E.2d 361, 363 (S.C. 1991) (internal quotation marks omitted) (quoting Restatement (Second) of Torts § 343A cmt. f (1965)).

Kelly argues that the "black ice" present on Waffle House's parking lot was a latent or hidden danger of which Waffle House had superior knowledge. (Pl. Mem. Opp'n Def. Mot. Summ. J. 2-3.) Waffle House counters that the danger was open and obvious because it was raining when Kelly left his house that morning and continued throughout the time he was at the Waffle House restaurant; a severe weather warning was in effect when Kelly went to Waffle House; and upstate schools were closed because of the winter storm. (Def. Mem. Supp. Summ. J. 1-2 and Ex. (Kelly Dep. 28, 40, ECF No. 28-2) and Ex. (Solly Dep. 32, ECF No. 30-2).) Kelly, however, alleges that he was not aware of the severe weather warning or that schools were closed, as he did not watch or read the news the night before or the morning of the accident. (Pl. Mem. Opp'n Def. Mot. Summ. J. 3 and Ex. (Kelly Dep. 29, ECF No. 30-1).) He further claims that there was no ice on his windshield the morning of the accident, and that he did not observe any icing in the trees. (Id. Ex. (Kelly Dep. 29-30, ECF No. 30-1).)

Kelly alleges that he slipped on black ice in Waffle House's parking lot. Kelly did not notice any ice when he originally entered Waffle House, and the record indicates that no other customers did either. (Id. at 3 and Ex. (Kelly Dep. 28, ECF No. 30-1).) "[B]lack ice by its very nature is not noticeable . . . ." Woodard v. ERP Operating Ltd. P'ship, 351 F. Supp. 2d 708, 716 (E.D. Mich. 2005); see Ashley v. Waffle House, Inc., No. Civ.A.6:04-22052-RBH, 2006 WL

83046, at *3 (D.S.C. Jan. 10, 2006) (unpublished) (citing Woodard, 351 F. Supp. 2d at 716) (denying summary judgment on the basis that "the alleged presence of black ice created a factual issue for the jury to determine concerning whether the danger was open and obvious."). As a result, the court finds that a genuine issue of material fact exists as to whether the black ice slipped on by Kelly was an open and obvious hazard.

### 3. Assumption of Duty

In addition, Kelly argues that Waffle House voluntarily undertook the duty to remedy the parking lot of its icy condition when Solley began salting the parking lot the morning of the accident. (Pl. Mem. Opp'n Def. Mot. Summ. J. 7-9.) "While there is generally no duty to act under the common law, a duty to use due care may arise where the act is voluntarily undertaken." Vaughan v. Town of Lyman, 635 S.E.2d 631, 637 (S.C. 2006). "Where there are factual issues regarding whether the defendant was in fact a volunteer, the existence of a duty becomes a mixed question of law and fact to be resolved by the fact finder." Id.

In Ashley, the plaintiff slipped and fell on black ice in a Waffle House entryway and the court held that genuine issues of material fact existed as to whether Waffle House assumed a duty when it "normally placed [salt] near the front door, sidewalk, and parking lot during ice and snow storms." 2006 WL 83046, at *4. In the instant case, it was Waffle House's usual policy to salt the "walkways and stairwells in front of the building . . . ." (Pl. Mem. Opp'n Def. Mot. Summ. J. Ex. (Solly Dep. 74, ECF No. 30-2).) Further, Solley had actually begun salting the parking lot before Kelly fell and injured himself. (Id. at 7 and Ex. (Solly Dep. 31-32, 34-35, ECF No. 30-2).) In his deposition, Solley states that he salted the stairs leading to the entryway and began salting the parking lot. (Id. Ex. (Solley Dep. 39, ECF No. 30-2).) There is additional

evidence that Solley acknowledged missing the "spot" in the parking lot where Kelly slipped and fell. (Id. at 7 and Ex. (Kelly Dep. 36, ECF No. 30-1) and Ex. (Dodgens Dep. 32, ECF No. 30-3).) The evidence indicates that Solley immediately began salting the parking lot upon arriving at work, and the inference can be drawn that he did not use due care in doing so. Therefore, the court finds that a genuine issue of material fact exists as to whether Waffle House assumed a duty to remedy the icy parking lot.

It is therefore

**ORDERED** that Waffle House's motion for summary judgment, docket number 28, is denied. It is further

**ORDERED** that Kelly's motion for leave to file sur-reply to Defendant's reply to Plaintiff's opposition to summary judgment, docket number 37, is denied as moot.

**IT IS SO ORDERED.**

                                              s/Henry M. Herlong, Jr.
                                              Senior United States District Judge

Greenville, South Carolina
October 23, 2012